**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 12-00152-CG** |
| | ) | |
| | ) | |
| **ANDREAS ANDRESEAN, JR. and** | ) | |
| **KATERINA PETRASOVA,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## ORDER

This matter is before the court on the motion of the United States for severance (Doc. 35), opposition thereto filed by defendant Andreas Andresean, Jr. (Doc. 38), and opposition filed by defendant Katerina Petrasova (Doc. 40).  As will be explained further below, the court finds that because Petrosova's statements directly implicate her codefendant and the statements cannot be effectively redacted, the United States' motion will be granted.

The defendants Katerina Petrasova and Andreas Andresean, Jr. have been indicted in this case on charges of conspiracy to commit marriage fraud (18 U.S.C. § 371) and substantive marriage fraud (8 U.S.C. § 1325(c)).  The United States maintains that Petrasova, a citizen of the Czech Republic, and Andresean, an

1

American citizen, entered into a sham marriage so that Petrasova could obtain permanent resident status in this country.

Federal Rule of Criminal Procedure 14 provides that when a defendant or the United States is prejudiced by the joinder of defendants for trial together, the court may order a severance of the defendants.  In this case, the United States states that it intends to introduce post-Miranda statements that defendant Petrasova made to investigating agents following her arrest on July 17, 2012.  In the statements Petrasova reportedly admitted that she entered into the marriage with Andresean to obtain her green card, and that she never lived with Andresean at his residence.  Further, she reportedly admitted that she had a long-standing romantic relationship of approximately eight years with another individual which pre-dated her purported marriage and continued thereafter.  The United States believes that these statements are admissions rather than statements made in furtherance of the conspiracy, and incriminate not only Petrasova, but also Andresean.  The United States argues that these admissions are critical to the United States' case, but are in a form not subject to cross-examination if the co-defendant Petrasova does not take the stand and therefore, the admissions may implicate Andresean's rights to confrontation.  The United States contends that in light of the nature of the statements, the nature of the charged crimes, the relationship of the parties and other evidence to be adduced at trial, there

appears to be no redaction that could ameliorate the likely <u>Bruton</u> issue that would arise if Petrasova's statements were to be introduced at a joint trial.

Defendants object to severance.[1]  Defendant Petrasova asserts that the Government chose to indict the parties in a single charging instrument alleging joint activity, and the general rule is that jointly indicted defendants should be tried together.  Petrasova argues that the testimonial and documentary evidence against each defendant will be identical and that separate trials would be inefficient and could lead to inconsistent verdicts.  Further, she argues that the Government has not asserted that it would be prejudiced, but only that Mr. Andreasean's confrontation rights may be implicated if Petrasova does not testify in a joint trial.  Petrasova assert that since Mr. Andreasean objects to the severance, he will not be prejudiced by a joint trial.

In <u>Bruton</u>, the Supreme Court held that, in a joint trial, the admission of a codefendant's confession, which implicated the petitioner, violated the petitioner's rights under the Confrontation Clause of the Sixth Amendment. <u>Bruton v. United States</u>, 391 U.S. 123, 88 S.Ct. 1620, 1621-22, 20 L.Ed.2d 476 (1968).  Because the codefendant did not take the stand, the Court held, "the introduction of [the] confession added substantial, perhaps even critical, weight to the Government's case

---

[1] Defendant Andresean filed an objection but gave no reason, factual or legal, in support of his objection. (Doc. 38).

3

in a form not subject to cross-examination." Id. at 1623.  The petitioner's Sixth Amendment rights were violated despite the fact that the trial court issued a limiting instruction directing the jury only to consider the confession as evidence of the codefendant's guilt because "in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination." Id. at 1628.

Courts have limited the scope of Bruton, finding that when the "confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence," the Confrontation Clause is not violated.  Richardson v. Marsh, 481 U.S. 200, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987).  However, severance is required where the deletion is obvious, calls the jury's attention to the omitted name and encourages the jurors "to speculate about the reference," and, ultimately, to link it to the defendant. Gray v. Maryland, 523 U.S. 185, 118 S.Ct. 1151, 1155-1156, 140 L.Ed.2d 294, (1998).

In the instant case, Petrasova's statements that she entered into the marriage with Andresean to obtain her green card cannot be redacted in any meaningful way. Deleting Andresean's name would still leave no doubt in the juror's minds as to whom the statements implicated.  As in Bruton, the statements here expressly implicate the codefendant as her accomplice.  As such, the statements could not be admitted at a joint trial if the defendant did not take the stand.  Petrasova has not asserted that she

4

intends to testify at trial.  The disallowance of Petrasova's statements would clearly prejudice the United States.  Thus, although the general rule is that "defendants who are indicted together are usually tried together," U.S. v. Lopez, 649 F.3d 1222, 1234 (11th Cir. 2011) (citations omitted), the circumstances of this case require separation.

## CONCLUSION

For the reasons stated above, the motion of the United States for severance (Doc. 35), is **GRANTED**.

**DONE and ORDERED** this 14th day of September, 2012.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

5